IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 3:10CR199–HEH |
| v.  ) | Civil Action No. 3:20cv00836 |
| ) | |
| JOSEPH THOMAS SMITH, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Dismissing Successive § 2255 Motion)

By Memorandum Opinion and Order entered on November 19, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by Joseph Smith. (ECF Nos. 60, 61.) On September 24, 2020, the Court received from Smith a "Motion For Administrative Review." (ECF No. 84.) For reasons set forth below, the Motion For Administrative Review will be dismissed without prejudice as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Smith continues to challenge his underlying convictions by complaining that, *inter alia*, that his attorney had a conflict of interest. Therefore, the Motion For Administrative Review must be treated as a successive § 2255 motion. *See id.* The Clerk will be directed to assign a civil action number to the Motion For Administrative Review. (ECF No. 84.) The Motion For Administrative Review will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Smith has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Oct 29, 2020
Richmond, Virginia